UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| ANDREA MARTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-00038-PLC |
| | ) | |
| DAVE'S WHOLESALE FIREWORKS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's "Motion for Leave to File Affidavit of Counsel in Support of Response to Winco Motion to Dismiss." [ECF No. 55] Defendants Winco Fireworks International, LLC and Winco Fireworks, Inc.'s ("Winco Defendants") move to strike or, in the alternative, request that the Court deny Plaintiff's motion. [ECF No. 56]

This case arises from a September 2014 injury to Plaintiff's left hand sustained when a firework exploded near her. Plaintiff's original one-count complaint, filed in June 2018, named as Defendants Dave's Wholesale Fireworks and Black Cat Marketing.[1] [ECF No. 1] In March 2019, Plaintiff amended her complaint, adding Winco Defendants. [ECF No. 40] In the amended complaint, Plaintiff alleged that Winco Defendants sold the defective firework to co-defendant Dave's Wholesale Fireworks. [ECF No. 40]

Winco Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). [ECF No. 45] Winco Defendants argued that, because Plaintiff's injury occurred in Illinois, Plaintiff's claim is barred by Illinois's two-year statute of limitations as applied under Missouri's borrowing statute, Mo. Rev. Stat. § 516.190. In response, Plaintiff asserted among other arguments, that she had no

---

[1] The Court dismissed Black Cat for lack of personal jurisdiction. [ECF No. 37]

"knowledge of the existence or distribution role of the Winco defendants in selling the defective firework to Dave's [Wholesale]" until Dave's Wholesale provided answers to interrogatories in March 2019.[2] [ECF No. 52 at 2] In their reply memorandum, Winco Defendants refuted Plaintiff's claim that she did not know about Winco Defendants, pointing out that Plaintiff "specifically references [Winco] Defendants by name in her own interrogatories." [ECF No. 54 at 4]

Plaintiff filed the instant motion for leave to file affidavit of counsel to counter the argument that Plaintiff's interrogatories established that she knew about Winco Defendants' existence and possible distribution role prior to March 2019. [ECF No. 55] In the attached affidavit, Plaintiff's counsel recounts the procedural history of the case and states that inclusion of the name Winco in Plaintiff's interrogatories "derived from internet research" that "did not disclose that any Winco entity was actually the distributor to Dave's [Wholesale.]" [ECF No. 55-1 at 3] Plaintiff's counsel asserts that, prior to receipt of Dave's Wholesale's answers to interrogatories, "it was not possible for [P]laintiff to learn, and she did not know, the identity of the supplier of Black Cat fireworks to Dave's in the 2013 or 2014 seasons." [Id.]

Winco Defendants urge the Court to strike Plaintiff's motion for leave to file an affidavit of counsel because Plaintiff did not comply with Local Rule 7-4.01(A).[3] [ECF No. 56] Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Only material included

---

[2] Plaintiff attached as an exhibit to her memorandum in response to Winco Defendants' motion to dismiss a copy of Dave's Wholesale's answers to interrogatories. [ECF No. 52-1]

[3] Rule 4.01(A) provides: "Unless otherwise directed by the Court, the moving party shall file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies." Local Rule 7-4.01(A). Because Plaintiff's motion for leave to file affidavit of counsel did not contain a separately filed memorandum in support, Winco Defendants argue it should be stricken.

2

in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly." Baranski v. United States, No.4:11-CV-123 CAS, 2015 WL 7720557 at *1 (E.D. Mo. Nov. 30, 2015) (quoting 2 James W. Moore, et al., Moore's Federal Practicei § 12.37[2] (3d ed. 2014)). "Motions, briefs, memoranda, objections or affidavits may not be the subject of a motion to strike." Joe Hand Promotions, Inc. v. Shepard, No. 4:12-CV-1728 SNLJ, 2015 WL 1976342, at *2 (E.D. Mo. Apr. 30, 2015). See also Khamis v. Bd. of Regents, Southeast Mo. State Univ., No. 1:09-CV-145 RWS, 2010 WL 1936228, at *1 (E.D. Mo. May 13, 2010); Coleman v. City of Pagedale, No. 4:06-CV-1376-ERW, 2008 WL 161897, at *3-4 (E.D. Mo. Jan. 15, 2008). Because Plaintiff's motion for leave and accompanying affidavit of counsel are not pleadings subject to attack by a motion to strike, the Court denies Winco Defendants' motion to strike Plaintiff's motion.

Winco Defendants request, in the alternative, that the Court deny Plaintiff's motion for leave to file affidavit of counsel for failure to comply with Local Rule 7-4.01(B).[4] [ECF No. 56] More specifically, Winco Defendants assert that "a memorandum in opposition is intended to stand on its own and include all arguments and authority the party wishes to raise in opposition to a motion," and Plaintiff's motion for leave to file affidavit of counsel constitutes "extra briefing not contemplated by the Local Rules[.]" [Id. at 2]

Local Rule 7-4.01(C) states that a party may file additional memoranda following a reply "only with leave of Court." In her motion, Plaintiff addresses Winco Defendants' claim, raised

---

[4] Local Rule 7-4.01(B) provides:

> Except as otherwise provided in these rules or by order of the Court, each party opposing a motion shall file, within seven (7) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies. If any memorandum in opposition requires consideration of facts not appearing in the record, the party shall file with its memorandum all documentary evidence relied upon.

3

in their reply memorandum, that her interrogatories "completely contradict Plaintiff's argument" that she did not know and could not have known about Winco Defendants' potential involvement before receiving Dave's Wholesale's answers to interrogatories.

To the extent Plaintiff's motion for leave to file affidavit of counsel constitutes a sur-reply to Winco Defendants' motion to dismiss, leave to file the sur-reply will be granted. As to the accompanying affidavit of counsel, however, the Court notes that when considering a Rule 12(b)(6) motion, a court generally must ignore materials outside the pleadings. Ashford v. Douglas Cty., 880 F.3d 990, 992 (8th Cir. 2018).

**IT IS HEREBY ORDERED** that Plaintiff's motion to leave to file their sur-reply [ECF No. 55] is **GRANTED**, and the Court hereby deems the sur-reply filed.

**IT IS FURTHER ORDERED** that Winco Defendants' motion to strike or, in the alternative, opposition to Plaintiff's motion for leave to file [ECF No. 56] is **DENIED**.

                                                              PATRICIA L. COHEN
                                                              UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of August, 2019