UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| ANDREA MARTY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 2:18-CV-38 PLC |
|  | ) |  |
| DAVE'S WHOLESALE FIREWORKS, INC., et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Winco Fireworks International, LLC's and Winco Fireworks, Inc.'s (collectively, "Winco Defendants") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 45] Plaintiff opposes the motion. [ECF No. 52] For the following reasons, the Court grants Winco Defendants' motion to dismiss.

*I.     Factual and Procedural Background*

This case arises from an injury to Plaintiff's left hand sustained when a firework exploded near her. The accident occurred on September 8, 2014 in Illinois.[1] Plaintiff originally filed an action against Defendant Dave's Wholesale Fireworks and Black Cat Marketing in Illinois state court in September 2016. [ECF No. 45-1] Plaintiff voluntarily dismissed the Illinois action in June 2017 and filed in this Court a one-count complaint against Defendants Dave's Wholesale and Black Cat[2] in June 2018. [ECF No. 1 at ¶ 14]

---

[1] Plaintiff's complaint alleged that the accident occurred on September 8, 2014. [ECF No. 40 at ¶ 12] In response to Winco Defendants' motion to dismiss, Plaintiff acknowledges that the accident occurred in Illinois. [ECF No. 52 at 4]

[2] The Court dismissed Black Cat for lack of personal jurisdiction. [ECF No. 37]

On March 12, 2019, Plaintiff amended her complaint, adding Winco Defendants. [ECF No. 40] In the amended complaint, Plaintiff alleged that Winco Defendants sold the allegedly defective firework to Defendant Dave's Wholesale.

Winco Defendants move to dismiss Plaintiff's case for failure to state a claim upon which relief may be granted, arguing that her claim is barred by Illinois' two-year statute of limitations, as applied under Missouri's borrowing statute, Mo. Rev. Stat. § 516.190. [ECF No. 45] Plaintiff counters that the Illinois statute of limitations does not bar her claims against Winco Defendants because: (1) "it was impossible for [P]laintiff to know of, and therefore to assert a claim against, the Winco defendants" before Dave's Wholesale answered Plaintiff's interrogatories in March 2019; and (2) Winco Defendants' "potential exposure… arises from the commercial transaction of the sale of the allegedly defective product to Dave's [Wholesale] in Missouri[.]" [ECF No. 52 at 2, 5]

## II. *Legal Standard*

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss part or all of a case for its failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss for failure to state a claim, a court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Cole v. Homier Distrib. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010) (quoting Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005)). "A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is

time-barred." Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011) (citing Jessie v. Potter, 516 F.3d 709, 713 n. 2 (8th Cir. 2008)).

### III. *Discussion*

Winco Defendants assert that, under Missouri's borrowing statute, Plaintiff's claim is barred by Illinois' two-year statute of limitations for personal injury claims. Plaintiff counters that Missouri's five-year statute of limitations applies and, as such, her claims against Winco Defendants were timely filed.

"A federal court sitting in diversity applies the statute-of-limitations rules of the forum." Great Plains Trust Co. v. Union Pac. R. Co., 492 F.3d 986, 992 (8th Cir. 2007). As noted, under Missouri law, the statute of limitations in a personal injury action is five years. Mo. Rev. Stat. § 516.120(4). However, Missouri recognizes a statutory exception to the application of its own statute of limitations in the form of a borrowing statute, which provides: "Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state." Mo. Rev. Stat. § 516.190. As applied by Missouri courts, the borrowing statute "provides for application of a foreign statute of limitations when (1) the alleged action originated in the foreign jurisdiction and (2) the foreign statute of limitations would bar the action." Hollingsworth v. United Airlines, Inc., No. 4:16-CV-2139 DDN, 2017 WL 564491, at * 2 (E.D. Mo. Feb. 13, 2017) (quoting Harris-Laboy v. Blessing Hosp., Inc., 972 S.W.2d 522, 524 (Mo. App. 1998)).

The Supreme Court of Missouri has interpreted the term "originated" to mean "accrued." Thompson by Thompson v. Crawford, 833 S.W.2d 868, 871 (Mo. banc 1992). Under Missouri law, a cause of action does not accrue "when the wrong is done or the technical breach of

3

contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment." Mo. Rev. Stat. § 516.100. See also Building Erection Servs., Inc. v. JLG, Inc., 376 F.3d 800, 802 (Mo. App. 2004). Damages are capable of ascertainment, and the statute of limitations begins to run, when the "evidence was such to place a reasonably prudent person on notice of a potentially actionable injury." Powel v. Chaminade Coll. Preparatory, Inc., 197 S.W.3d 576, 583 (Mo. banc 2006) (quoting Bus. Men's Assurance Co. of Am. v. Graham, 984 S.W.2d 501, 507 (Mo. banc 1999)). See also Burdess v. Cottrell, Inc., 359 F.Supp.3d 704, 710 (E.D. Mo. 2019).

The undisputed facts establish that Plaintiff was in Illinois on September 8, 2014 when a firework exploded and injured her left hand. Plaintiff knew she had been damaged by the firework on September 8, 2014, the day of the injury. Because Plaintiff's injuries were sustained and capable of ascertainment at the time of her injury in Illinois, the Court concludes that her cause of action originated in Illinois in September 2014. See e.g., Benton v. Cracker Barrel Old Country Stores, Inc., 436 S.W.3d 632, 634 (Mo. App. 2014). Accordingly, Missouri's borrowing statute mandates the application of Illinois' two-year statute of limitations, which began to run in September 2014, when Plaintiff sustained her injuries.[3]

Plaintiff acknowledges that her case "seems to fit the Missouri decisions applying and interpreting the [borrowing s]tatute." [ECF No. 52 at 3] She contends, however, that her case is unlike "most tort claims" where the "determination of when and where the cause of action originated or accrued…is straightforward, being the place and time the physical injury occurred and was plainly known by the injured plaintiff." Id. Plaintiff argues that her claim did not accrue at the time and place of her injury because, in September 2014, she could "not know of

---

[3] Under Illinois law, a personal injury claim "shall be commenced within two years [] after the cause of action accrued…." 735 Ill. Comp. Stat. § 5/13-202.

4

the wrong having been done" by Winco Defendants until receiving discovery from Dave's Wholesale in March 2019.[4] [Id.]

Plaintiff is correct in asserting that "the mere occurrence of an injury itself does not necessarily coincide with the accrual of a cause of action." Wright v. Campbell, 277 S.W.3d 771, 774 (Mo. App. 2009) (quoting Martin v. Crowley, Wade & Milstead, Inc., 702 S.W.2d 57, 58 (Mo. banc 1985)). As previously discussed, the injury must also be "capable of ascertainment" and "until plaintiff has sufficient knowledge to be put on 'inquiry notice' of the wrong and damages, that standard is not met." Id. (quoting Powel, 197 S.W.3d at 583) (internal quotation omitted). The capable-of-ascertainment standard "requires injured parties to proceed expeditiously to press their claims, thereby protecting potential defendants from the unfair burden of defending acts done a long time prior." In re Tetracycline Cases, 729 F.Supp. 662, 665 (W.D. Mo. 1989). As a result, the cause of action arises at the time of the physical injury, not when the plaintiff learns "the potential cause of its damages." Building Erection Servs., 376 F.3d at 803.

Here, Plaintiff sustained a physical injury from an exploding firework. When Plaintiff's injury occurred, she was "on notice" of a potentially actionable injury and the need to determine

---

[4] The cases upon which Plaintiff relies are inapposite because they involve purely economic injuries. See Joyce v. Armstrong Teasdale, LLP, 635 F.3d 364, 368 (8th Cir. 2011) (legal malpractice claim does not begin to run until "a source external to the attorney-client relationship reasonably puts the layperson on notice the attorney has caused harm"); Adams v. One Park Place Inv'rs, LLC, 315 S.W.3d 742, 754 (Mo. App. 2010) (breach of contract claim accrued in state where the plaintiff learned of his termination, not in the state where he negotiated and entered the contract); Wright v. Campbell, 277 S.W.3d 771, 775 (Mo. App. 2009) (legal malpractice claim accrued when the defendant attorney informed the plaintiff that he failed to timely file the plaintiff's personal injury action); Ferrellgas, Inc. v. Edward A. Smith, P.C., 190 S.W.3d 615, 621-22 (Mo. App. 2006) (legal malpractice claim based on the defendant's mishandling of a California case originated in California when the verdict was announced, even though the plaintiff learned of the verdict in Missouri and did not know the "full amount of the ultimate damages" until appeals were exhausted).

the cause of that injury.  See e.g., Building Erection Servs., 376 F.3d at 803; Powel, 197 S.W.3d at 582-83.  The question of when Plaintiff knew that Winco Defendants sold or distributed the allegedly defective firework is not relevant to the accrual of the cause of action itself.[5]

Plaintiff also asserts, without citation to authority, that her claim originated in Missouri because it "arises from the commercial transaction of the sale of the allegedly defective product to Dave's in Missouri[.]"  [ECF No. 52 at 5]  However, "Missouri courts have made it clear that the statute focuses on the damage and not the discovery of its cause."  In re Tetracycline Cases, 729 F.Supp. at 664.  "[A] claim accrues in a personal-injury…action 'when the injury occurred or was discovered.'"  CTS Corp. v. Waldburger, 573 U.S. 1, 8 (2014) (quoting Black's Law Dictionary 1546 (9th ed. 2009)).

Based on the above, the Court finds that Plaintiff's tort claim accrued, and "originated" for purposes of the borrowing statute, in Illinois in September 2014 when Plaintiff sustained her injury.  The Missouri borrowing statute requires application of Illinois' two-year statute of limitations for personal injury actions.  Because Plaintiff did not file her claims against Winco Defendants until March 12, 2019, or more than two years after the Illinois statute of limitations period expired, her claims are barred.

Accordingly,

---

[5] As a result, the Court does not address Winco Defendants' contention, presented in their reply brief, that Plaintiff knew about Winco Defendants prior to filing the amended complaint because Plaintiff "specifically references [Winco] Defendants by name in her own interrogatories." [ECF No. 54 at 4]

**IT IS HEREBY ORDERED** that Winco Defendants' motion to dismiss [ECF No. 45] is **GRANTED**.

                                                                                               PATRICIA L. COHEN
                                                                                               UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of August, 2019